JUAN RIVERA-ARROYO ET AL., Plaintiffs and Appellants, *v.*
   DOMINGO RIVERA O'FERRALL ET AL., Defendants and Appellees.

No. 4047. Argued May 13, 1927.—Decided July 19, 1927.

*Enrique Campillo* and *Manuel Tous Soto* for the appellants. *Manuel F. Rossy* for appellee Domingo Rivera O'Ferrall.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit against numerous defendants who were either the heirs of Nicasia O'Ferrall or were some of the successors in title of the said heirs. The object of the suit was to compel the said defendants to make a deed in partition of land which it was alleged had in fact been previously divided among the heirs of Nicasia O'Ferrall. The plaintiffs were purchasers from some of the heirs. Among other things, there was an attempted deed of partition in which four of the heirs appeared.

The district court in its opinion mentions the fact that four heirs got together and made the apportionment for the six heirs that originally composed the succession. Some of the heirs were minors at the time of the deed and the court held that no deed of partition could be made when there were minors without a judicial approbation and cited the case of *Ex parte Sotomayor,* 24 P.R.R. 172.

The appellants assign several errors, but the principal matter assigned is that the partition was in fact already made and the present proceeding was only to obtain a deed or recognition of facts or mutual obligations which had in truth been made or created among the parties.

Examining the record it appears that only one defendant answered. The statement of the case says that defaults were noted against the other defendants. The said statement does not furnish the mode of showing defaults or summons. We were examining the record to find out how the minors were brought into the case when we discovered a graver error.

As we have said, only one defendant answered. From the judgment dismissing the complaint the plaintiffs appealed. The notice of appeal, however, was served exclusively on the defendant who had answered. None of the other defendants who were alleged to be in default, including the

alleged minors, were notified of the appeal. All of the defendants were necessary adverse parties. Hence this court did not acquire jurisdiction and the appeal must be dismissed. *Galafar* v. *Succession of Morales,* 22 P.R.R. 458, and cases cited; *Ninlliat* v. *Suriñach,* 25 P.R.R. 509; *Bravo* v. *Martínez Bros.,* 31 P.R.R. 460.

We question, moreover, whether the minor defendants were properly brought before the court and whether any of the proceedings were in any way obligatory on them.

We are inclined to think the judgment would have to be affirmed in any event. While, with all the parties before the court, if a partition was in fact made, the plaintiffs might have obtained some sort of relief, yet here the minor defendants would not have been bound by the proof. The record does not disclose, so far as we have been able to discover, that the defendants were all of age when the supposed partition was made. One of the heirs, the mother of the infants, was not shown to be an adult at the time of the alleged partition, the date of which does not appear to be stated. We doubt if it was even clearly established that a partition was in fact made. Under the circumstances it may readily have seemed to the judge that no actual partition took place and we are not at all convinced that he was mistaken in maintaining the necessity of a judicial approbation.

The appeal will be dismissed.